IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
10 So. Howard Street )
Baltimore, Maryland 21201 )
 )
           Plaintiff, )
 ) CIVIL ACTION NO.
    v. )
 ) COMPLAINT
OUTSIDE UNLIMITED, INC. )
4195 Saint Paul Road )
Hampstead, MD 21074 )
 ) JURY TRIAL DEMAND
 )
 )
           Defendant. )
_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, national origin and retaliation, and to provide appropriate relief to Ibrahim El-Araby who was subjected to unlawful employment practices on the basis of religion, Muslim, national origin, Egyptian/Middle Eastern, and retaliation. The Commission alleges that Outside Unlimited, Inc., ("Defendant Employer") is liable for discriminating against Ibrahim El-Araby on the basis of religion, Muslim, national origin, Egyptian/Middle Eastern, and retaliation as alleged with greater particularity in paragraph 7 below, in that Ibrahim El-Araby was subjected to discriminatory terms and conditions of employment, including, but not limited to, denial and restriction of a religious accommodation, religious and national origin motivated harassment and

was discharged in retaliation for opposing these discriminatory practices and/or on the basis of his religion, Muslim, and national origin, Egyptian/Middle Eastern.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer, has continuously been doing business in the State of Maryland and the City of Hampstead, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit Ibrahim El-Araby filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least 2005, Defendant Employer has engaged in unlawful employment practices in continuing violation of Section 703(a) of Title VII, 42 U.C.S. §2000e-2(a) and 704(a) of Title VII, 42 U.S.C.§2000e-3(a). Such practices include, but are not limited to, the following:

a) Defendant Employer has subjected Ibrahim El-Araby to discriminatory terms and conditions of employment, including, but not limited to, denying and restricting a religious accommodation, to which Defendant had originally agreed, in violation of Section 703(a) of Title VII.

b) Defendant Employer has subjected Ibrahim El-Araby to racial and national origin harassment and a hostile work environment on the basis of his religion, Muslim, and national origin, Egyptian/Middle Eastern, including but not limited to, Defendant's management officials' mocking of his religious beliefs, use of derogatory religious and ethnic-based comments in the workplace, and other discriminatory behavior in the workplace and harassment directed toward Ibrahim El-Araby, based on religion, Muslim, and national origin, Egyptian/Middle Eastern, in violation of Section 703(a) of Title VII.

c) Defendant Employer has subjected Ibrahim El-Araby to disparate terms and conditions and benefits of employment, including, but not limited to, issuance of used uniforms, failure to reimburse educational expenses and other disparate terms, conditions and benefits of

employment based on religion, Muslim, and national origin, Egyptian/Middle Eastern, in violation of Section 703(a) of Title VII.

    d)  Defendant Employer discharged Ibrahim El-Araby in violation of Section 703(a) of Title VII; and/or

    e)  Defendant Employer discharged Ibrahim El-Araby in retaliation for his opposition to practices made unlawful by Title VII in violation of 704(a) of Title VII.

    8.    The effect of the practices complained of in paragraph 7 above has been to deprive Ibrahim El-Araby of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion, Muslim, national origin, Egyptian/Middle Eastern and because he engaged in the federally protected activity of opposing practices made unlawful by Title VII.

    9.    The unlawful employment practices complained of in paragraph 7 above were and are intentional.

    10.    The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Ibrahim El-Araby.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from subjecting individuals to religious and national origin harassment and engaging in any other employment practice which discriminates on the basis of religion and national origin.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in retaliatory conduct against persons because they oppose religious or national origin harassment or other practices made unlawful by Title VII.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of the Muslim religion and other religious beliefs, and Egyptian/Middle Eastern person and individuals from places of origin other than the United States, which eradicate the effects of its past and present unlawful employment practices, including: 1) the institution of effective religious and national origin harassment and non-retaliation policies; 2) the dissemination of these policies to all its managers and employees; and 3) mandatory training for all managers and employees regarding the legal prohibitions against employment discrimination, including religious and national origin harassment and retaliation in the workplace, and the Defendant's religious and national origin harassment and non-retaliation policies.

D. Order Defendant Employer to make whole Ibrahim El-Araby by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

E. Order Defendant Employer to make whole Ibrahim El-Araby by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Ibrahim El-Araby by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to determined at trial.

    G.    Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    H.    Order Defendant Employer to post a signed notice to all employees, conspicuously placed in Defendant's facility, that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of religion and national origin and that it will not take any action against employees because they have opposed practices made unlawful under Title VII or have exercised their federally protected rights under Title VII.

    I.    Grant such further relief as the Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

_____
JACQUELINE H. MCNAIR
Regional Attorney

_____
DEBRA M. LAWRENCE
Bar No. 04312
Supervisory Trial Attorney

_____
CECILE C. QUINLAN
Bar No. 06072
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2728
(410) 962-4270 (fax)